IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

DERRICK WAY          DEC 01  2010  :          CRIMINAL ACTION NO. 94-488-1

                     MICHAEL E KUNZ, Clerk          CIVIL ACTION No. 10-2620
     v.              Dep.Clerk
                     By_____

UNITED STATES OF AMERICA          :

## MEMORANDUM

LOWELL A. REED, JR., Sr. J.                                        November 30, 2010

Before the court is a pro se motion to vacate, set aside or correct sentence under 28

U.S.C. § 2255 ("2255 motion") filed by Derrick Way ("Petitioner") (Doc. No. 258), and

the response of the Respondents (Doc. No. 265). Petitioner is currently incarcerated at

the Federal Correctional Institution in Elkton, Ohio. For the reasons that follow,

Petitioner's motion will be denied.

## A.     FACTS AND PROCEDURAL HISTORY:

In 1997, Petitioner entered a plea of guilty to conspiracy to possess with intent to

distribute cocaine, 28 U.S.C. § 846, and carrying or using a firearm in relation to a drug

trafficking offense, 18 U.S.C § 924(c). Petitioner was sentenced to a term of

imprisonment of 188 months on the conspiracy charge and a consecutive 60 month term

on the firearm offense. On March 2, 1998, the Court of Appeals for the Third Circuit

affirmed the judgment. Petitioner filed this § 2255 motion on May 13, 2010, challenging

his sentence.[1] (Doc. No. 258). Respondents filed a response in opposition to Petitioner's

---

[1]Petitioner initially filed his action as a petition for writ of habeas corpus under 28 U.S.C
§ 2241 in the Eastern District of New York.

motion on November 16, 2010. (Doc. No. 265).

## B. DISCUSSION

A prisoner in custody pursuant to a sentence imposed by a federal court who

believes "that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or is

otherwise subject to collateral attack, may move the court which imposed the sentence to

vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Petitioner asserts one claim

in his § 2255 motion, that his consecutive five year term of imprisonment for his firearm

offense was rendered unconstitutional by the rulings in United States v. Whitley, 529 F.3d

150 (2d Cir. 2008) and United States v. Williams, 558 F.3d 166 (2d Cir. 2009). Based on

these Second Circuit decisions, Petitioner argues that the statutory language of §

924(c)(1)(A)[2] exempts him from serving his five year firearm penalty because he is also

---

[2](A) **Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law,** any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm, shall in addition to the punishment provided for such crime of violence or drug trafficking crime-

(i)      be sentenced to a term of imprisonment of not less than five years;

(ii)     if the firearm is brandished, be sentenced to a term of imprisonment of not less than seven years; and

(iii)    if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

serving a "a greater minimum sentence" of 188 months for his conspiracy crime. This argument has been foreclosed by the recent Supreme Court decision in <u>Abbott v. United States</u>, 131 S.Ct. 18, 2010 WL 4569898 (November 15, 2010). In <u>Abbott</u>, the Court unanimously held that defendants subject to a mandatory, consecutive sentence for a § 924(c) conviction, are "not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." 2010 WL 4569898, at *5. As such, Petitioner's argument that his consecutive sentence violates 18 U.S.C. § 924(c) is denied and Petitioner's original sentence remains in effect.

In any event, Petitioner's § 2255 motion is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 by imposing a one (1) year limitation period on the filing of § 2255 motions. Section 2255, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f)(1)-(4).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final." See 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on May 31, 1998, when the time expired for filing a petition for a writ of certiorari in the United States Supreme Court. See S. Ct. R. 13(1) (stating petitioners have 90 days to file a petition for a writ of certiorari). Therefore, Petitioner had until May 31, 1999, to timely file his § 2255 motion.

Petitioner submitted the instant motion for filing on May 13, 2010, almost 11 years after the limitation period had expired. He does not assert that there has been an impediment to filing his motion which was caused by governmental action, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2255(f)(2), (4). Although Petitioner does allege that his petition involves a right which was newly recognized by the United States Supreme Court, see 28 U.S.C. § 2255(f)(3), this claim is without merit. Instead of establishing a right newly recognized by the Supreme Court which has been made retroactively applicable to cases on collateral review, Petitioner has presented an argument based on cases from the Second Circuit. Indeed, one of those cases, Williams, supra, was specifically abrogated by the Supreme Court decision in Abbott, supra. Clearly, such an argument does not justify an alternate starting date for calculation of the statute of limitations. Consequently, I conclude, in the

4

alternative, that Petitioner's motion is time-barred.[3]

An appropriate order follows.

---

[3]Although the one (1) year statute of limitations for § 2255 is subject to equitable tolling, see <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1988), Petitioner has not attempted to set forth any equitable arguments in support thereof.